## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KEVIN LEE WINTERS, Individually and as Co-Administrator of the Estate of PAIGE MICHELLE WINTERS, Deceased, and JOAN ELISE WINTERS, Individually and as Co-Administrator of the Estate of PAIGE MICHELLE WINTERS, ) ) ) ) ) ) ) | |
| Plaintiffs, ) | CIVIL ACTION |
| v. ) ) | No. 07-2003-KHV |
| COMAIR, INC., COMAIR SERVICES, INC., COMAIR AIRCRAFT, INC., COMAIR HOLDINGS, LLC and DELTA AIR LINES, INC., ) ) ) ) ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

Plaintiffs, citizens of Kansas, bring suit against Comair, Inc., Comair Services, Inc., Comair Aircraft, Inc., Comair Holdings, LLC and Delta Air Lines, Inc. On March 19, 2007, Magistrate Judge David J. Waxse stayed this case pending a decision by the Judicial Panel on Multidistrict Litigation ("MDL Panel") regarding transfer. See Order (Doc. #41). On April 19, 2007, the MDL Panel deferred ruling on plaintiffs' motion to transfer this matter under 28 U.S.C. § 1407 to give this Court an opportunity to rule on Defendants' Motion To Transfer Pursuant To 28 U.S.C. Section 1404(a) (Doc. #15) filed January 26, 2007. For reasons stated below, the Court sustains defendants' motion to transfer.[1]

---

[1] Defendants also filed a motion to consolidate this action with another action in the District of Kansas. See Defendants' Motion To Consolidate Pursuant To Fed. R. Civ. P. 42(a) (Doc. #20) filed February 9, 2007. Because the Court finds that both cases should be transferred to the Eastern District of Kentucky, the Court defers any ruling on defendants' motion to consolidate. The Eastern District of
(continued...)

## **Legal Standards**

Under 14 U.S.C. § 1404(a), the Court may transfer a case to any district or division where it might have been brought for "the convenience of the parties and witnesses" and "in the interest of justice." The decision whether to grant a motion to transfer is within the sound discretion of the district court. See Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir. 1992). The Court considers the following factors: plaintiffs' choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical. Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991) (quoting Tex. Gulf Sulphur Co. v. Ritter, 371 F.2d 145, 147 (10th Cir. 1967)). The moving defendants bear the burden of proving that the facts weigh heavily in favor of transfer, and plaintiffs' choice of forum is afforded "great weight." KCJ Corp. v. Kinetic Concepts, Inc., 18 F. Supp.2d 1212, 1214 (D. Kan. 1998); Allstate Ins. Co. v. Employers Reinsurance Corp., 715 F. Supp. 1502, 1503 (D. Kan. 1989). Unless the balance strongly favors the movant, plaintiffs' forum choice should rarely be disturbed. Scheidt, 956 F.2d at 965; Dow Chem. Corp. v. Weevil-Cide Co., 630 F. Supp. 125, 130 (D. Kan. 1986).

---

[1](...continued)
Kentucky can more appropriately decide how to manage these cases, along with other cases which arise from the same accident.

## Analysis

The parties agree that all pretrial proceedings should take place in the United States District Court for the Eastern District of Kentucky. Plaintiffs seek a transfer under 28 U.S.C. § 1407 while defendants seek a transfer under 28 U.S.C. § 1404. A Section 1407 transfer would require the MDL Panel to remand the case to this Court for trial at the conclusion of pretrial proceedings. See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 40-41 (1998). On the other hand, a Section 1404 transfer would allow the federal court in Kentucky to conduct a trial in the case.

Plaintiffs' choice of forum and the expense of trying this case in Kentucky are factors which weigh in plaintiffs' favor. Other factors, however, strongly weigh in favor of defendants. First, the parties agree that the Kentucky federal court should conduct consolidated pretrial proceedings in this case and others which arise from the same airplane accident. Efficiency and judicial economy counsel in favor of having the Kentucky federal court keep the case for trial. In addition, because Kentucky law probably applies to some or all of plaintiffs' claims, a transfer under Section 1404 would have "the advantage of having a local court determine questions of local law." Chrysler Credit Corp., 928 F.2d at 1516 (citing Tex. Gulf Sulphur, 371 F.2d at 147).

Plaintiffs argue that they are entitled to litigate this matter in their home judicial district and that defendants would gain a tactical advantage if the Court transfers this case under Section 1404. Plaintiffs, however, do not have an absolute right to litigate in their home district. In re Scott, 709 F.2d 717, 722 (D.C. Cir. 1983) (plaintiffs have no right to insist that suits not be transferred). Plaintiffs' choice of forum is simply one factor for the Court to balance. See Chrysler Credit, 928 F.2d at 1516. Moreover, plaintiffs have not explained what tactical advantage defendants would gain by having a federal court in Kentucky

try the case.

Plaintiffs maintain that they will suffer "crippling inconvenience" if the case is tried in Kentucky because they have some 60 witnesses from the Kansas City area who will testify on damages. <u>Plaintiffs' Memorandum Of Law In Opposition To Defendants' Motion To Transfer Pursuant To 28 U.S.C. Section 1404(a)</u> (Doc. #29) filed March 1, 2007 at 9. Plaintiffs concede that their witness list is preliminary, and on the present record the Court anticipates that most of the listed witnesses will be excluded as cumulative. The additional travel costs for witnesses who do testify should not preclude them from testifying and may be recoverable to the extent plaintiffs prevail at trial. In sum, the fact that many of plaintiffs' damage witnesses reside closer to Kansas City than the court in Kentucky does not outweigh the factors discussed above in favor of transfer under Section 1404. <u>See</u> <u>Kepler v. ITT Sheraton Corp.</u>, 860 F. Supp. 393, 399 (E.D. Mich. 1994) (granting Section 1404 motion over objection of plaintiff who had over 50 medical personnel located in home district).

**IT IS THEREFORE ORDERED** that <u>Defendants' Motion To Transfer Pursuant To 28 U.S.C. Section 1404(a)</u> (Doc. #15) filed January 26, 2007 be and hereby is **SUSTAINED**. Under 28 U.S.C. § 1404(a), the Clerk is directed to transfer this matter to the United States District Court, Eastern District of Kentucky, Central Division at Lexington.

Dated this 3rd day of May, 2007 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Court